IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZACHARY D. GAGE, # 1992753, )<br>    Plaintiff, )<br>vs. )<br>)<br>LUPE VALDEZ, Sheriff, et al., )<br>    Defendant. ) | No. 3:16-CV-1360-B-BH<br><br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

### I. BACKGROUND

Zachary Gage (Plaintiff) filed suit under 42 U.S.C. § 1983 against Dallas County Sheriff Lupe Valdez (Sheriff); Head of Maintenance Dale Lilley (HOM); Maintenance Supervisor Stephen Rogers (Supervisor); and County Commissioner John Wiley Price (Commissioner) (collectively Defendants). (docs. 2 at 3-4;[1] 21 at 1-19.[2])

Plaintiff contends that while he was in custody in the Dallas County Jail (Jail), he slipped and fell in the day room as a result of water that leaked from broken toilets and broke his ankle on June 30, 2014. (docs. 2 at 4; 21 at 9.) He claims that the water had been present for two weeks, Defendants were told about the leak, and maintenance looked at the it "several times," but did "nothing." (doc. 21 at 9-12, 14.) Nor did they put up warning signs. (doc. 21 at 14.) He was hospitalized at Baylor Hospital and underwent surgery to place a metal plate and screws in his ankle,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

and suffered permanent damage to his leg. (*Id.* at 9; doc. 2 at 4.) He seeks monetary compensation for his pain and suffering as well as compensatory, punitive, and mental and emotional damages. (docs. 2 at 4; 21 at 15.) He also seeks compensation for future medical bills. (doc. 21 at 15.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff sues Defendants under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. (docs. 2 at 4; 21 at 1-8, 14)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of

a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.     **Non-Jural Entity**

Plaintiff appears to sue Defendants in their official capacities.[3] (*See* docs. 2 at 4; 21 at 1-8, 14.) An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting "[i]t is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original).

By suing HOM and Supervisor in their official capacities, Plaintiff is suing the Dallas County Sheriff's Department (Department). (*See* doc. 3 at 3); *see, e.g., Lowe v. Palo Pinto Cty. Sheriff's Dep't*, No. 4:15-CV-285-A, 2015 WL 1781246, at *2 (N.D. Tex. Apr. 15, 2015) (noting that claims brought against jailers in their official capacity would be against their employer, the sheriff's department); *Reynolds v. City of Poteet*, No. SA:12-CV-01112-DAE, 2013 WL 594731, at *13 (W.D. Tex. Feb. 15, 2013) (same).

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasa-*

---

[3] Plaintiff does not clearly state whether he is suing Defendants in their official or individual capacities, even though he was directly asked about this in the magistrate judge's questionnaire. (*See* doc. 21 at 1-8.) Because some of his allegations appear to relate Dallas County's obligations and its alleged failure to protect him, his complaint is liberally construed as asserting claims in both capacities.

3

dena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Jail nor Department are jural entities subject to suit. *See*, *e.g.*, *Edwards v. Dallas Cty. Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas Cty. Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Accordingly, any official capacity claims against the Jail's HOM and Supervisor should be dismissed for failure to state a claim.[4]

**B.    Negligence**

Plaintiff's suit against the Sheriff in her official capacity is merely another way of pleading an action against her municipal employer, i.e., Dallas County. *See Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Kentucky*, 473 U.S. at 165). Similarly, an official capacity claim against Commissioner is a claim against Dallas County. *See Hicks v. Tarrant Cty. Sheriff's Dep't*, 352 F. App'x 876, 877 (5th Cir. 2009) (per curiam); *Wilson v. Dallas Cty.*, No. 3:11-CV-879-L, 2014 WL 4261951, at *6 (N.D. Tex. Aug. 29, 2014) ("Dallas County is the entity that has jural existence, and a suit against the Commissioners Court is a nullity and can only proceed as one against Dallas County as the proper party. Accordingly, the court treats the suit against the Commissioners Court as one against Dallas County.").

Municipalities, including counties,[5] may be held liable under § 1983. *Hampton Co. Nat'l*

---

[4] To the extent that Plaintiff's complaint and answers to the questionnaire could be liberally construed as asserting claims against the Jail, it would also be a non-jural entity and any claims against it would also be subject to dismissal.

[5] The municipal liability analysis also applies to Texas counties. *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n.3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend Cty.*, 145 F.3d 691 (5th Cir. 1998).

*Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable under § 1983, however, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is "limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Plaintiff's municipal liability claim and his individual capacity claims are based on negligence that allegedly lead to the violation of his Eighth and Fourteenth Amendment rights. (docs. 2 at 3; 21 at 1-15) (stating that each defendant was "[n]egligent in their responsibility and duty for [sic] to keep prisoners safe and protected from unreasonable risk"). He contends that Defendants were told of the leaking toilets "several times"; maintenance looked at the toilets, did "nothing," and failed to put up wet floor signs; and the water on the floor caused him to slip and fall and break his ankle. (doc. 21 at 1-14.)

Even if the alleged negligence caused an unintended injury, Plaintiff has not stated a violation of his constitutional rights. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent"); *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635

(5th Cir. 1999) (stating that "negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment") (citation omitted); *Quine v. Livingston*, No. Civ.A. H-06-1426, 2006 WL 1662920, at *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's allegations are insufficient to impose liability under § 1983. *See Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Accordingly, any official capacity claims against Sheriff and Commissioner and the individual capacity claims against Defendants should be dismissed for failure to state a claim.[6]

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[7]

---

[6] In addition, Plaintiff has not alleged that there was any official policy or custom of any type or that any alleged policy deprived him of any right protected by federal law or the United States Constitution. He has alleged no facts that the any alleged policy was a moving force behind the Jail's conduct or that it was adopted or maintained with deliberate indifference to known or obvious consequences. He only alleges that he was harmed as a result of negligence. This is insufficient to impose municipal liability.

[7] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**SO RECOMMENDED** on this 21st day of August, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE